UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT COOKEVILLE

| | |
|---|---|
| JONATHAN HESLET and )<br>BRANDY HESLET, )<br>)<br>      **Plaintiffs** )<br>)<br>vs. )<br>)<br>FEDEX FREIGHT, INC., )<br>)<br>      **Defendant** ) | No. 2:17-0064<br>Chief Judge Crenshaw/Brown<br>Jury Demand |

**INITIAL CASE MANAGEMENT ORDER**

Pursuant to Local Rule 11(d), the following Initial Case Management Plan is **adopted**.

**1. Jurisdiction:** This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) by virtue of diversity of citizenship and an amount in controversy in excess of $75,000.00. There is no dispute as to jurisdiction in this matter.

**2. Plaintiff's theory of the case:** Plaintiffs submit that on March 4, 2017, at approximately 4:37 a.m., the Penske rental truck was struck by the FedEx 18-Wheeler operated under the interstate motor carrier authority of FedEx Freight, Inc. approached a curve in the roadway on Interstate 40 at or near mile marker 262 headed in the east lane of travel. At that time the FedEx 18-wheeler, on information and belief, was set on cruise control at or near the maximum speed limit and did not slow or reduce speed to account for the curve, nor is there any indication of brake use. The FedEx driver, therefore, could not see, perceive and safely stop within the distance illuminated by the headlights. Both the Tennessee CDL Manual and Model CDL Manual instruct professional drivers on how

to properly stop within the distance illuminated by headlights. Defendant did not have any policy or training in this critical area of driver safety.

As a result of not slowing or driving at a safe speed whereby he would be able to stop within the distance illuminated by the truck headlights, the truck crashed into a truck that was recently stopped in the roadway after having attempted to drive onto the shoulder for an emergency and turned over when it hit soft ground off the narrow shoulder.

Plaintiff sustained serious injuries including fractures at T12/13, T8 and L5 and nerve damage.

Plaintiffs aver that FedEx Freight, a motor carrier, lacked and did not enforce adequate policies to prevent distracted, fatigued and unsafe driving of professional drivers. Instead, FedEx Freight's reckless indifference to these practices actively encouraged and aided and/or abetted distracted, fatigued and unsafe driving, all of which contributed to cause the crash and injuries to Plaintiff, Jonathan Heslet.

Plaintiffs bring claims for all damages available at law and equity for physical pain and suffering by Jonathan Heslet and loss of consortium on behalf of Brandy Heslet and punitive damages.

**3. Defendant's theory of the case:** Defendant submits that on March 4, 2017 at approximately 4:37 a.m., a tractor-trailer, being lawfully and properly operated by Adam Phillips on behalf of FedEx Freight, Inc., made contact with a box truck owned by Penske Truck Leasing in Texas and leased and operated by Plaintiff Jonathan Heslet which had overturned in the middle of the interstate, with the bottom of the box truck facing oncoming traffic with no reflectors, flares, triangles, or other warning to oncoming traffic. Defendant contends that some or all of any injuries and damages suffered by

Page **2** of **7**

Case 2:17-cv-00064   Document 15   Filed 01/18/18   Page 2 of 7 PageID #: 58

Plaintiff may have occurred as a result of his loss of control and the initial accident involving the rollover of his vehicle, as opposed to having occurred as a result of the impact with the Defendant's vehicle. Defendant adamantly denies liability in the case, and contends that the proximate cause of the accident was the negligence of the plaintiff, Jonathan Heslet, in the operation of his vehicle in causing same to lose control, overturn, and become an invisible hazard in the roadway. Based on the comparative fault laws of the state of Tennessee, which are applicable to the claim, Defendant asserts that both plaintiffs are barred from any recovery in that the fault on the part of Jonathan Heslet is imputed by law to plaintiff, Brandy Heslet.

Further, Defendant has filed a counterclaim against Jonathan Heslet for the property damage to the tractor-trailer operated by Adam Phillips on behalf of the Defendant.

**4. Identification of the issues:**

**(a)** **Issues resolved:** Jurisdiction and venue.

**(b)** **Issues in dispute:** Liability and damages are an issue, and as noted, there is a counterclaim that has been filed as well.

**5. Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure:** Defendant has asserted a counterclaim against Jonathan Heslet. Defendant may amend its counterclaim so as to include one of the Penske entities as a party.

**6. Witnesses**:

Potential Witnesses known to the Plaintiffs at this time are:

1. Plaintiff, Jonathan Heslet;

2. Adam Phillips, driver of the FedEx Freight truck;

3. Trooper Jeremy Tramel, Tennessee Highway Patrol (Investigating Officer);

4. Trooper Brandon Jackson, Tennessee Highway Patrol (Assisting Officer);

5. Representatives of Collision Specialists, Inc., retained by Plaintiff as a consulting reconstruction expert and who have performed an inspection of the trucks with defendant;

6. David Alvey, Dandridge TN, witness to the accident;

7. Treating physicians and healthcare providers of Plaintiff, Jonathan Heslet at Vanderbilt University Medical Center (see also Initial Disclosures to be supplemented to include subsequent providers).

Potential Witnesses known to the Defendant at this time are:

1. Adam Phillips, driver
   FedEx Freight;

2. Trooper Jeremy Tramel;

3. Trooper Brandon Jackson
   Tennessee Highway Patrol, Cookville District Office;

4. Cameron Wilson, tow truck driver
   M&W Towing;

5. Representatives of Rimkus, Gary Vandermolen, retained by Penske for accident reconstruction;

6. Heath Spivey
   Delta V, retained by Defendant FedEx Freight, Inc., as consulting reconstruction expert;

7. David Alvey,
   Dandridge, TN – believed to be witness to the accident

**7. Initial disclosures and staging of discovery:**

**Rule 26(a) Disclosures:** The parties shall exchange Rule 26(a) disclosures within **14 days** after the parties' Rule 26(f) conference.

**Completion of All Discovery: July 2, 2018**

Discovery is not stayed during dispositive motions unless ordered by the Court.

**Disclosures of Experts:** The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **May 1, 2018**. The defendant shall identify and disclose all expert witnesses and reports on or before **June 1, 2018**. The parties shall depose all expert witnesses on or before **July 2, 2018**.

Prior to filing any discovery-related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge. The counsel requesting the conference call shall confer with opposing counsel as to their availability before setting a time-certain with the Court.

**8. Dispositive motions:**

The parties shall file dispositive motions on or before **August 1, 2018**. Responses to dispositive motions shall be filed within **28 days** after service. Optional replies shall be filed within **14 days** after service of the response. Absent Court permission, dispositive motions and responsive memoranda are limited to **25 pages**, and a reply, if filed, is limited to **five pages**.

No motion for partial summary judgment shall be filed except upon leave of Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court.

**9. Other deadlines**:

**(a)** **To add parties**: February 5, 2018.

**10. Motions to seal:** Any party requesting that documents or portions of documents be sealed must demonstrate compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed,

must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Beauchamp v. Federal Home Loan Mortgage Co.*, No. 15-6067, 2016 WL 3671629 at *4- 5 (6th Cir. Jul. 11 2016) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, Nos. 15-1544, 1551, 1552, 2016 WL 3163073 at *3 (6th Cir. June 7, 2016)). Protective orders should not provide that documents produced in discovery and designated as "confidential" will automatically be sealed upon filing or use at trial. Any such language in a proposed protective order will be stricken and may result in denial of the motion to enter the protective order.

**11. Modification of case management order:** Any motion to modify the case management order or any case management deadline shall be filed at least **seven days** before the earliest affected deadline. If the parties agree, the motion may be filed up to the earliest affected deadline. The motion must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the motion. The motion (even if a joint motion) must also include: (i) all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review previous case management orders in consideration of the motion, and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(d)(2)(f) that no dispositive motion, including response and replies, be filed later than **90 days** in advance of the target trial date.

**12. E-Discovery**: The parties will address any e-discovery issues and if the parties do not agree on e-discovery they will comply with Administrative Order 174.

**13. Alternative dispute resolution:**

The parties believe that alternative dispute resolution is appropriate in this case. Within **30 days** after the close of discovery, the parties will hold a mediation or settlement conference. The parties shall develop a plan for the resolution of the case that includes at least **two** independent attempts to resolve the case. The first attempt shall occur within **90 days** of the initial case management conference, and the second attempt shall occur before the deadline for filing dispositive motions. The parties are encouraged to consider the ultimate dispute resolution option provided in Local Rule 16.02 through 16.07.

**14. Consent to trial before the Magistrate Judge:**

The parties do not consent to a trial before the Magistrate Judge.

**15.** A telephone conference with Magistrate Judge Brown to discuss case progress and alternative dispute resolution is set for **June 4, 2018, at 10:00 a.m. To participate in the conference call, parties will call 877-873-8017 and enter Code 1958322# at the scheduled time.** A **brief joint statement** of any unresolved issues and the possibility of ADR must be submitted to brownchambers@tnmd.uscourts.gov **by noon one business day prior to the date of the telephone conference**.

**16. Target trial date:** This jury trial is estimated to take three to four days in Cookeville and is requested to begin on or after **January 29, 2019**. Chief Judge Crenshaw will issue a separate order setting the date for trial and covering his requirements for the final pretrial conference and the trial.

It is so **ORDERED.**

/s/ Joe B. Brown  
JOE B. BROWN  
United States Magistrate Judge