IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

**JONATHAN HESLET and**
**BRANDY HESLET,**

**Plaintiffs,**

**vs.**                                                                                    NO. 2:17-cv-0064

**FEDEX FREIGHT, INC.,**

**Defendant.**

## (PROPOSED) PROTECTIVE ORDER

The parties stipulate and agree to the terms and conditions of this Stipulated Protective Order that shall govern the handling of documents, answers to interrogatories, responses to requests for admissions, video, depositions, and any other information exchanged by the parties ("Discovery Materials") in this action to preserve the confidentiality of certain personal, sensitive, confidential and/or proprietary information that has been or will be requested and produced in discovery in this matter. The parties agree that a protective order concerning Discovery Materials is necessary to protect the integrity of this information, the rights of each of the parties and the rights of certain third parties. It is therefore

AGREED THAT:

1. The parties have the right to designate as confidential any discovery materials in this action which the responding party believes in good faith contains personal information of employees, trade secrets, confidential research, development, commercial or financial information or any other proprietary or confidential business information ("Confidential Discovery Material").

2. Confidential Discovery Material produced in this case, and copies thereof, and the information contained therein, shall be made available to and inspected by:

(a) The parties, their officers, employees and agents who are assisting in prosecuting or defending this action;

(b) Counsel for the parties in this action, and their employees who are working on this litigation;

(c) Expert witnesses and consultants, and their employees, who are directly employed or retained in connection with this action by counsel for the parties, to the extent that such disclosure is necessary for the prosecution or defense of this case;

(d) Other witnesses or deponents and their counsel, during the course of or in preparation for deposition or testimony in this action as necessary for the prosecution or defense of this litigation; and

(e) The Court, jury, and/or court personnel.

3. All Confidential Discovery Material, including all copies and information obtained from such discovery materials shall, subject to the provisions hereof, be used by the person receiving it only in connection with prosecuting or defending this action. Confidential Discovery Material shall not be used for any business, competitive, or other purpose, and shall not be disclosed to any person, or entity, except as provided herein.

4. The parties shall designate Confidential Discovery Material as follows:

(a) In the case of documents, things, interrogatory answers, responses to requests for admissions and information contained therein, designation shall be made by stamping the legend ***"Confidential"*** at the time it is produced. Inadvertent failure to designate a document as "Confidential" may be corrected by supplemental written notice given as soon as practical.

(b) In the case of depositions, designation of a portion of the transcript (including exhibits) which is Confidential shall be made by a statement to such effect on the record in the course of the deposition or upon review of such transcript by counsel for the party to whose Confidential Discovery Material the deponent has had access. Said review by counsel shall occur within fourteen days after counsel's receipt of the transcript. Counsel shall list on a separate piece of paper the numbers of the pages of the transcript containing Confidential Discovery Material, inserting the list at the end of the transcript, and mailing copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deem Confidential; if no such designation is made within fourteen days after receipt of the transcript, the transcript shall be considered not to contain any Confidential Discovery Material. The party disclosing Confidential Discovery Materials shall have the right to exclude from attendance at the deposition during such time as the Confidential Discovery Material is to be disclosed any person other than the deponent and the persons agreed upon pursuant to Paragraph 2 above.

(c) In the event the producing party elects to produce documents and things for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of this initial inspection, all documents and things will be considered as stamped Confidential. Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents as may contain protected subject matter with the appropriate confidentiality marking at the time the copies are produced to the inspecting party.

(d) Transcripts of depositions will not be filed with the Court unless it is necessary to

do so for the purposes of trial, or motions before the Court. If a deposition transcript is filed and if it contains Confidential Discovery Material, the transcript shall bear the appropriate legend on the caption page and shall be filed under seal.

5.  The persons described in paragraph 2 shall have access to the Confidential Discovery Materials once they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the attached "CONFIDENTIALITY AGREEMENT." A list shall be maintained by counsel of the names of all persons to whom Confidential Discovery Material is disclosed, and such list shall be available for inspection by the Court upon good cause show by opposing counsel. Upon request at the time of final termination of this lawsuit by settlement, judgment or otherwise, the parties shall provide other counsel with a copy of the pertinent aforementioned lists. The persons receiving Confidential Discovery Material are enjoined from disclosing it to any other person except in conformance with this Order.

6.  Each individual who receives any Confidential Material hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceeding related to the performance under, compliance with, or violation of this Stipulated Order.

7.  In the event that counsel for either party determines that the prosecution of this action requires that Confidential Discovery Material be disclosed to persons not otherwise authorized herein, such counsel shall provide the other party written notice by facsimile or hand delivery of the intended disclosure (which notice shall specify with particularity the Confidential Discovery Material to be disclosed and the identity of the otherwise unauthorized person). This written notice shall be given not less than five (5) business days prior to intended disclosure, or such shorter period as is mutually agreeable to the parties in any particular case. If, within five

(5) business days after receipt of such notice, a party objects in writing to such disclosure, the documents produced pursuant to Protective Order shall not be disclosed unless the Judge or Magostrate so orders.

8. All Confidential Discovery Material and any papers containing information contained in or derived from such documents that is filed with the Court shall be filed in sealed envelopes bearing the title of this action and shall be marked "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER," to be opened only as the Court directs.

9. In the event that either party receives a third party subpoena or other form of legal process requesting Confidential Discovery Materials produced in this case, the party receiving such request will provide the other party written notice by facsimile or hand delivery that such a request was received and provide a copy of the request with the written notice. The party receiving the third party subpoena or other form of legal process shall provide notice by facsimile or hand delivery of the request to the other party within five days of receiving the subpoena and shall not produce the requested documents for at least ten business days after giving such notice, unless the other party states in writing that it does not intend to seek protection in connection with the third party subpoena or other form of legal process concerning those Confidential Discovery Material. If the subpoena requires production of Confidential Discovery Material in less than fifteen days, the party must provide written notice by facsimile immediately.

10. At the conclusion of this action, all discovery material labeled "Confidential" including all copies, extracts and summaries and all documents containing information taken therefrom, shall be destroyed or returned to the producing party no later than thirty (30) days

after the unappealed or unappealable final judgment or settlement of this action.

11. In the event additional parties are added to this litigation each new party's counsel shall sign a duplicate original of the Stipulated Protective Order and send it to all other counsel for the parties and cause same to be filed with the Court.

12. Nothing in this Stipulated Protective Order precludes a party from challenging the propriety of a discovery material marked as Confidential. The parties shall first try to resolve any disputes in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court.

13. In order to permit discovery to proceed without further delay, the parties agree that this Stipulated Protective Order shall be effective from the date on which it is executed by counsel for the parties and shall apply and be enforceable from that date forward with respect to all discovery in this matter, including materials produced at any time after the commencement of this case.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as set forth above.

_____
JOE B. BROWN
United States Magistrate Judge

_____
DATE

APPROVED:

_____
Matthew E. Wright, Esq.-TN #22596
**WRIGHT LAW, PLC**
840 Crescent Centre Drive, Suite 310
Franklin, Tennessee 37067
mwright@wrightlawplc.com
*Counsel for Plaintiff*


_____
Carl Wyatt, Esq.- TN #12304
Glassman, Wyatt, Tuttle & Cox, P.C.
26 North Second Street Building
Memphis, TN 38103
P: (901) 527-2143
F: (901) 527-5320
cwyatt@gwtclaw.com
GWTC No.: 17-345Z
*Counsel for Defendant*


_____
C. Benton Patton, Esq.
**LeVAN, SPRADER, PATTON & PLYMIRE**
201 Fourth Avenue North, Suite 1500
Nashville, TN 37219
bpatton@lsplaw.net
*Counsel for Counter-Defendant*